1  KENNETH R. McMULLAN
   California Bar No. 77406
2  2442 Fourth Avenue
   San Diego, CA  92101
3  Telephone (619) 231-9664
   Fax (619) 232-6052
4
   Attorney for Defendant
5  GILBERTO CRUZ-VASQUEZ

6

7
                    UNITED STATES DISTRICT COURT
8
                   SOUTHERN DISTRICT OF CALIFORNIA
9
                       (Honorable Larry A. Burns)
10

11
   UNITED STATES OF AMERICA,        )   Crim. Case No.   08CR2026-LAB
12                                  )
            Plaintiff,               )   **NOTICE OF MOTION AND MOTION**
13                                  )   **TO COMPEL DISCOVERY, FOR**
   vs.                              )   **NOTICE OF INTENT TO USE**
14                                  )   **EVIDENCE, AND FOR LEAVE TO FILE**
   GILBERTO CRUZ-VASQUEZ,           )   **FURTHER MOTIONS**
15                                  )
            Defendant.               )   DATE:    October 6, 2008
16                                  )   TIME:    2:00 p.m.
                                    )
17

18 TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY, AND TO ALESSANDRA P.
         SERANO, ASSISTANT UNITED STATES ATTORNEY:
19

20     PLEASE TAKE NOTICE that on October 6, 2008, at 2:00p.m. , or as soon thereafter as

21 counsel may be heard, the defendant, Gilberto Cruz-Vasquez, will move this Court for an order

22 compelling discovery, requiring the government to give notice of its intent to use evidence, and

23 for leave to file further motions.

24

25                                      **MOTION**

26     The defendant, Gilberto Cruz-Vasquez, by and through his counsel, Kenneth R.

27 McMullan, and pursuant to the provisions of the Due Process Clause to the Fifth Amendment to

28                                          1

1  the United States Constitution, and Rules 6, 12, and 16, Federal Rules of Criminal Procedure,
2  hereby moves this Court for an order compelling discovery, requiring the government to give
3  notice of its intention to use evidence, and for leave to file further motions.
4       These motions are based on the instant notice of motions and motions, the attached points
5  and authorities, the files and records in the above-entitled case, and any and all matters that may
6  be submitted to this Court prior to the determination of these motions.

8  DATED:       September 8, 2008              Respectfully submitted,

10                                              s/ Kenneth R. McMullan
                                                KENNETH R. McMULLAN
11                                              Attorney for Defendant
                                                GILBERTO CRUZ-VASQUEZ

KENNETH R. McMULLAN
California Bar No.
2442 Fourth Avenue
San Diego, CA 92101
Telephone (619) 231-9664
Fax (619) 232-6052

Attorney for Defendant
**GILBERTO CRUZ-VASQUEZ**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Larry A. Burns)

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                               )<br>                    Plaintiff,              )<br>                                                               )<br>vs.                                                         )<br>                                                               )<br>GILBERTO CRUZ-VASQUEZ,        )<br>                                                               )<br>                    Defendant.          )<br>_____ ) | Crim. Case No.   08CR2026-LAB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO COMPEL DISCOVERY, FOR NOTICE OF INTENT TO USE EVIDENCE, AND FOR LEAVE TO FILE FURTHER MOTIONS**<br><br>DATE:   October 6, 2008<br>TIME:    2:00 p.m. |

**MOTION TO COMPEL DISCOVERY**

Counsel for Gilberto Cruz-Vasquez hereby requests discovery and preservation of the following items, which have not, as yet, been produced, pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 16, Federal Rules of Criminal Procedure, and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

    **1.**        **The complete "A" file of Gilberto Cruz-Vasquez**

    **2.**        **All statements made by Gilberto Cruz-Vasquez**

This item calls for discovery of all statements made by Gilberto Cruz-Vasquez. This request calls for disclosure of such statements, whether oral, written or recorded,

-1-

1  which are in the possession, custody or control of the government or which, by the
2  exercise of due diligence, may become available to the government.  This request
3  includes any additional audio and/or video tape recordings in the possession of the
4  government concerning the allegations in the information.  Rule 16(a)(1)(A) clearly
5  authorizes production of such discovery.
6      Furthermore, this item calls for discovery of all statements regardless to whom the
7  statement was made.  It also calls for handwritten notes taken by or at the request of
8  government agents concerning such statements.
9      By the very terms of Rule 16(a)(1)(A), Gilberto Cruz-Vasquez has the absolute
10 right to inspect and copy written or recorded statements made by him to "government
11 agents."  The term "government agents" includes employees and agents in the established
12 legal sense of the Drug Enforcement Administration, the Federal Bureau of Investigation,
13 and any local law enforcement agencies as well as those acting in concert with these
14 agencies.
15     This rule has been interpreted to mandate discovery of the written summary of a
16 defendant's oral statements contained in the handwritten notes of a government agent.
17 (Loux v. United States, 389 F.2d 911 (9th Cir. 1968), *cert. denied*, 393 U.S. 867.)  If the
18 statement of the defendant is summarized in the notes of the United States Attorney, it is
19 still discoverable pursuant to Rule 16(a)(1)(A) and is not shielded by the Work Product
20 Rule.
21     Under Rule 16(a)(1)(A), three different types of statements of defendant must be
22 disclosed: (1)  written or recorded statements made by defendant in possession of the
23 government; (2) oral statements made by defendant in response to interrogation by
24 government agents; and (3) grand jury testimony of defendant.  In United States v.
25 Thevis, 84 F.R.D. 47 (N.D.Ga. 1979), the court held that Rule 16(a)(1)(A) encompassed
26 statements made by the defendant either directly to a government agent or to a third party
27
28                                            -2-

who then made a statement to the government in which the defendant's remarks were attributed and included. The court further held, "The statement of the defendant remains his statement, regardless of who reports, witnesses, or memorializes it." Id., at p. 56. Courts have consistently held that tape recordings of conversations involving the defendant are discoverable under Rule 16. (United States v. Haldeman, 559 F.2d 31 (D.C.Cir. 1976).)

In United States v. Narciso, 446 F. Supp. 252, 267 (E.D. Mich. 1977), the court stated:

> In light of the foregoing, the court concludes that Rule 16(a)(1)(A) does encompass statements made by the defendant, regardless of to whom they were made.

Furthermore, in United States v. Caldwell, 543 F.2d 1333 (D.C. Cir. 1974), *cert. denied*, 423 U.S. 1087 (1976), the court held that:

> <u>acceptance of the language for just what it says is dictated by the fundamental fairness of granting the accused equal access to his own words, no matter how the government came by them</u>.

(Emphasis added).

Gilberto Cruz-Vasquez further requests that the government disclose any statement in its possession that may be "relevant to any possible defense or contention" that the defendant might assert. (United States v. Bailleaux, 685 F.2d 1105, 1114 (9th Cir. 1982).)

**3.  All reports by government agents generated as a result of this case, including, but not limited to, crime reports and arrest reports encompassing the entire investigation by whatever agency/agencies involved in this investigation.**

**4.  All books, papers, documents, photographs, tape recordings, video tapes, and tangible objects which are presently in the possession, custody, or control of the government and which are material to the preparation of the defense of Gilberto Cruz-Vasquez or intended for**

1  **use as evidence by the government in its case-in-chief.**

2  Rule 16(a)(1)(C) provides authority for production of documents called for in item #3. In <u>United States v. Countryside Farms, Inc.</u>, 428 F. Supp. 1150 (D. Utah 1977), the court made an interpretation as to what is included in the meaning of Rule 16(a)(1)(C) and concluded "... documents which will be relied on or referred to in any way by any witnesses called by the government during its case-in-chief" are to be produced. Thus all documents and reports which may be relied upon or referred to in any way by any witness are discoverable under Rule 16(a)(1)(C).

This request includes production of items which are known to the government or which, by the exercise of due diligence, could become known to the government. (<u>United States v. Gatto</u>, 763 F.2d 1040, 1047-1048 (9th Cir. 1985); <u>United States v. Bryan</u>, 868 F.2d 1032, 1036-1037 (9th Cir. 1989), *cert. denied*, 110 S.Ct. 167; <u>Briggs v. Raines</u>, 652 F.2d 862, 865 (9th Cir. 1981); <u>United States v. Gillings</u>, 568 F.2d 1307, 1310 (9th Cir.), *cert. denied*, 436 U.S. 919 (1978).) This request specifically includes production of Gilberto Cruz-Vasquez's Immigration "A" file.

**5.   All information in the possession, custody or control of the government or which may be obtained through the exercise of due diligence which tends to negate the guilt of Gilberto Cruz-Vasquez.**

The government has an affirmative obligation to not only disclose, but to seek out exculpatory information. (<u>Kyles v. Whitley</u>, 115 S.Ct. 1555 (1995).)

The government must disclose to the defendant all exculpatory evidence within its possession. (<u>Brady v. Maryland</u>, supra, 373 U.S. at p. 87.)

> ...[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or innocence or to punishment irrespective of the good faith or bad faith of the prosecution.

Subsequent cases have held that the prosecution is not to decide for the defense what is or may be useful. (<u>United States v. Hibler</u>, 463 F.2d 455 (9th Cir. 1972)). In

-4-

Scurr v. Niccum, 620 F.2d 186 (8th Cir. 1980), the court held that production of police reports containing exculpatory evidence was mandated by the Fifth Amendment's due process clause.

**6.  A list of government experts who have examined evidence, prepared reports or made statements in connection with the instant case, and/or who will testify in the government's case-in-chief.**

This request calls for production of the following:

(a) Names, telephone numbers and present addresses of said experts;

(b) Scientific analysis reports relating to the method of analysis, computations, handwritten notes, and reports of conclusions and results;

(c) Fingerprint comparison reports, method(s) of comparison, handwritten notes, and specific points of identification and the number of points, and reports of conclusions or results;

(d) Handwriting comparison reports, methods utilized, handwriting samples, notes and reports of conclusions and results; and

(e) Experts' curriculum vitae or resume.

**7.  Prior convictions, "rap sheets," guilty verdicts, juvenile adjudications, prior misconduct, or bad acts attributed to individuals the government intends to call as witnesses in its case-in-chief.**

This request calls for material which is relevant to impeachment and is directly within Rule 609 of the Federal Rules of Evidence. If the evidence impeaches a witness' truthfulness, then the Federal Rules of Evidence allow this Court wide discretion in permitting a defendant to cross-examine a government witness as to specific instances of misconduct even though such behavior does not amount to a felony conviction. Due process in the fair administration of justice requires that evidence which will impeach the credibility of a witness must be produced upon the request of a criminal defendant. (United States v. Keogh, 391 F.2d 138 (2nd Cir. 1968); Guerrero v. Beto, 384 F.2d 886 (5th Cir. 1967).)

The role and importance of impeachment evidence to a determination of a

defendant's guilt or innocence has been stressed by the courts. (Napue v. Illinois, 360 U.S. 264 (1959).)  Evidence used to impeach the credibility of a witness includes the past criminal history of the witness.  (United States v. Gerard, 491 F.2d 1300 (9th Cir. 1974).)

In the case of prior or subsequent bad acts of witnesses, this request calls for production of the following information as to each bad act for each witness:

(a) A detailed description of the bad act;

(b) The date and approximate time of the bad act;

(c) The location of the bad act; and

(d) The names and present whereabouts of witnesses.

**8. The nature of any promises of consideration, inducements, threats or coercion, favorable treatment, promises made to a witness or expected by a witness to be called during the government's case.**

Defendant Mr. Cruz-Vasquez, through counsel and pursuant to the dictates of Kyles v. Whitley, 515 U.S. 419 (1995), Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 971 (1976), United States v. Bagley, 473 U.S. 667 (1985), and Fed. R. Crim. P. 16, respectfully moves for the entry of an order requiring the government to disclose and provide the following  specific information and materials known or that with the exercise of due diligence should be known to the government.  This information is favorable to the defendant on the issues of guilt or punishment, including impeachment information and other material and evidence tending to discredit the government's witnesses, in addition to any other matters known to the government that may be exculpatory or otherwise favorable to the defendant.  The following documents and information regarding any cooperating witness(es) in this case are requested:

A. The name and addresses of each cooperating witness;

B. The case number and names of the prosecutions in which the cooperating witnesses utilized in this case have previously been utilized as a cooperating witness;

C. The case names and numbers of any trial or evidentiary hearings at which the cooperating witnesses have testified concerning his own prior criminal activity, payments, or

1  rewards provided him by the government, efforts made to induce others to participate in criminal
2  activity, or other purported law enforcement-related matters;
3      D.  Any ledger, sheet, or other document which details the sums paid from any
4  federal, state, or local source to the cooperating witnesses or their family in this and other cases
5  in which the informant assisted the government and the purpose of each such payment;
6      E.  Any information, whether or not memorialized in a memorandum, agent's
7  report or other writing, regarding promises of immunity, leniency, preferential treatment or other
8  inducements made to the cooperating witness or any family member, friend or associate of the
9  informant in exchange for the informant's cooperation, including the dismissal or reduction of
10 charges, assisting in matters of sentencing or deportation, promises or expectancies regarding
11 payments for expenses or testimony or eligibility for any award or reward; in addition,
12 information regarding payments, promises of immunity, leniency, preferential treatment or other
13 inducements made to the government witnesses, any records or information regarding payment,
14 promises of immunity, leniency, preferential treatment offered or afforded to any family member,
15 friend or associate of any prospective witness in exchange for said witness' cooperation.
16     F.  Any information or records concerning any actual or implied threats of investigation
17 or prosecution (including deportation, exclusion, etc., by INS) made by the government to any
18 prospective government witness or family member or associate of the witness, including
19 information as to the underlying conduct precipitating such investigations.
20     G.  Any statement made, information or document provided by a prospective government
21 witness that conflicts in part or in whole with: (1) the statement of another prospective witness,
22 (2) a prior statement made by the same government witness with regard to the subject matter of
23 the expected trial testimony of the witness, or (3) any other document or witness.  This request
24 includes all proffers by the witness and his or her lawyers, all notes or documents created by the
25 government that reflect this information, and all material that indicates any variations in the
26 witness' proffered testimony.

H. The name and current whereabouts of any witness to the underlying events of this case whom the government does not anticipate calling as a witness at trial and a copy of any statement made by or summary of an interview with such a witness;

I. Any report, document or information which details the criminal activities of the cooperating witness which were undertaken by him without the authority or approval of the government, but for which the government has elected, formally or informally, not to prosecute.

J. FBI rap sheet, NCIC printout, NADDIS, EPIC, NLETS, A TS, TECS, IDENT and any other records available to the government reflecting the arrest, conviction and investigative history of the cooperating witness.

K. Information concerning prior misconduct by the cooperating witness in the performance of his role as an informant including: any prior refusal of the informant to testify for or assist the government; any prior allegation that the informant entrapped another person to commit an offense or made false statements in connection with a criminal investigation; and any prior "blackballing" of the informant by any law enforcement agency;

L. Information concerning misconduct by the cooperating witness other than in his role as a cooperating witness, including misconduct that reflects a lack of candor, truthfulness or law-abiding character of the informant, such as uncharged criminal conduct or fraud;

M. All information, records and transcripts which in any way indicate or reveal that any prospective government witness, in connection with this or any other case, has provided untruthful, false, misleading, incomplete, or inaccurate information or testimony to:

    1. Any state or federal law enforcement officer or agency,

    2. Any state or federal grand jury,

    3. Any state or federal trial court while testifying at trial and/or any related or preliminary proceeding.

N. Information reflecting the nature and extent of assets obtained by the informant in connection with his illegal activities over the past ten years.

O. Any "records" maintained by law enforcement agencies relating to the cooperating witness utilized in this case, including records that the witness was:
1. Given a code name,
2. Given assumed/false identity.
3. Reasons for cooperation,
4. Given a polygraph exam,
5. Briefed on entrapment,
6. Contracts executed with any law enforcement agency,
7. Any release forms executed by the witness,
8. Records revealing the witness was advised to pay Federal Income Taxes,
9. Records that he could not violate the law,
10. Records which require him to protect his false identity,
11. Records that the witness cannot use any illegal drugs,
12. Records that the witness consented to recording any conversation with any party,
13. Contingency Fee Agreement

P. If given a polygraph exam, the results of any polygraph examination performed on any potential government witness as well as any information concerning the failure of any potential government witness to submit to a polygraph examination;

Q. Any government agency files or other information revealing matters relevant to the cooperating witness' credibility, mental or physical health, narcotic or alcohol use, or any other dependency;

R. All information and records revealing any potential impairment of the capacity of any prospective government witness to observe, recollect and testify about the events giving rise to the charges filed in this case including impairments of sight, hearing, memory, language, or any other physical or psychological disability.

S. All information and records indicating that any prospective government witness (1) may have suffered from any mental or emotional disease, disorder, illness, or defect at any time during the time span alleged in the indictment filed in this case, or (2) sought or received treatment for any such mental or emotional disease, disorder, illness, or defect at any time within the past five years.

T. All information and records indicating that the prospective government witness (1) may have used cocaine, marijuana, or other controlled substances, used alcohol to excess at any time during the time span alleged in the indictment filed in this case, or (2) sought or received treatment for any substance abuse problem or any addiction or propensity to use or abuse controlled substances (including alcohol) at any time within the past five years;

U. Applicable records of the United States Probation Department if the witness has been placed on probation or a Pre-Sentence Investigation ("PSI") has been conducted..

**9.    All documents, tape recordings (audio and video), photographs, and/or other tangible/physical evidence obtained as a result of the investigation of this case.**

**10.   All transcripts of grand jury proceedings in this investigation.**

The decision as to whether disclosure of grand jury transcripts should be ordered is within the discretion of the trial court. (*United States v. Marshall*, 526 F.2d 1349 (9th Cir.1975), *cert. denied,* 426 U.S. 923.)  The test used to determine whether disclosure of such transcripts should be ordered is whether the party seeking disclosure has demonstrated a "particularized need" which outweighs the general policy of secrecy of grand jury proceedings. (Pittsburgh Plate Glass Company v. United States, 360 U.S. 395 (1959).) In Dennis v. United States, 384 U.S. 855 (1966), the Supreme Court set forth the underlying basis for requiring disclosure of grand jury testimony:

> In a variety of circumstances, the lower Federal Courts, have made Grand Jury testimony available to defendants. These developments are entirely consonant with the growing realization that disclosure rather than suppression of relevant materials ordinarily promotes the proper administration of criminal justice.
> . . .
> In our adversary system for determining guilt or innocence, <u>it is rarely justifiable for the prosecution to have exclusive access to a storehouse of relevant fact.</u> Exceptions to this are justifiable only by the clearest and most compelling considerations.

(*Id*., at pp. 870, 873; emphasis added.)

The witnesses who testified before the grand jury are presumably percipient witnesses to the offense charged in the Indictment and their testimony should be disclosed to the defense. Because of the nature of this case, counsel asks that these transcripts be provided to the defense as soon as possible.

**11.  Any and all evidence which the government anticipates using against Gilberto Cruz-Vasquez during the trial or at the time of sentencing in the form of other crimes, wrongs, or acts which are not charged in the Information.**

This request specifically calls for the nature of such act, the time and place of the act, and the names and present addresses of all persons with personal knowledge of the act. In the interests of affording a criminal defendant the opportunity for a fair trial, this court has the authority to require pretrial disclosure of such evidence. (<u>United States v. Baum</u>, 482 F.2d 1325 (2nd Cir. 1973).)

**MOTION FOR ORDER REQUIRING THE GOVERNMENT TO GIVE NOTICE OF ITS INTENT TO USE EVIDENCE**

Under Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, the government is obligated to provide a list of the evidence to be used in its case-in-chief at trial. This rule provides in part:

> (4)  Notice of the Government's Intent to Use Evidence... (B) At the Defendant's Request. At the arraignment or as soon afterward as practicable the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12 (b)(3)(C), request notice of the

-11-

>government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

The purpose of Rule 12(b)(4)(B) is to avoid needless motions by the defense to suppress evidence that is not going to be used at trial. The rule places a burden on the government to review its case and let the defendant know what evidence the government is going to use. In this way, the rule seeks to "eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt." Jones v. United States, 361 U.S. 257, 264 (1960).

The above requested discovery should be promptly disclosed to the defense to avoid delay at the time of trial and to allo w an opportunity to evaluate, and possibly conduct further investigation if such statements establish that this is necessary and to allow the defense to adequately prepare for cross-examination of government witnesses. (*See,* Fed. R. Evid.  801(d)(1)(A).)

Under United States v. Miller, 771 F.2d 1219, 1232 (9th Cir. 1985); United States v. Dupuy, 760 F.2d 1492, 1502 (9th Cir. 1985); United States v. Harris, 543 F.2d 1247 (9th Cir. 1976),  and Fed. R. Crim. P. 12(h), Gilberto Cruz-Vasquez also moves the court to order the government to produce, in camera if required, any raw notes made by the assistant United States attorney and/or investigative officers of all witness interviews. Should the government be unable to comply because of the destruction of such notes, this could be grounds for sanctions such as dismissal of the indictment or striking of the testimony of any witness to whom such notes relate. (United States v. Harris, supra, 543 F.2d at 1251-1252; United States v. Johnson, 521 F.2d 1318 (9th Cir. 1975); United States v. Well, 572 F.2d 1383 (9th Cir. 1978).)

Counsel for Mr. Cruz-Vasquez is entitled to disclosure of Jencks Act material for witnesses testifying at trial.  Disclosure ordered during trial comes too late to be effective to the defense and causes needless interruptions and delays of the trial in that cross-

examination cannot be fully planned until after a careful review of the grand jury transcripts and other Jencks Act material. This request for Jencks Act material includes, but is not limited to, notes taken by the prosecutor or agent(s) for the prosecutor which have been read back in part or in whole to a witness to confirm the accuracy of the notes. (See, Goldberg v. United States, 425 U.S. 94 (1976); United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991); United States v. Ogbuehi, 18 F.3d 807, 810-811 (9th Cir. 1994).)

This motion is made on the grounds that the items requested are material and essential to an adequate preparation of the defense and without them a fair trial would be impossible. The defense requests that these materials be produced well in advance of trial to allow for defense preparation and necessary investigation. Counsel for Mr. Cruz-Vasquez also requests that this Court make a continuing discovery order and order the government to produce materials responsive to items contained in this motion as they become available.

Because this is early in this criminal proceeding, it is anticipated that additional requests for discovery will be necessary once the items responsive to the above requests have been complied with.

## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Based on the fact that limited discovery has been provided to date, counsel for Gilberto Cruz-Vasquez requests leave to file appropriate and necessary additional motions once requested discovery is received.

## CONCLUSION

For the foregoing reasons, Mr. Cruz-Vasquez respectfully requests this Court to grant his motions compelling discovery, requiring the government to give notice of its intention to use

1  evidence, and giving him leave to file further motions as requested herein.

3  DATED:  September 8, 2008                    Respectfully submitted,

5                                               s/ Kenneth R. McMullan
                                                KENNETH R. McMULLAN
6                                               Attorney for Defendant
                                                GILBERTO CRUZ-VASQUEZ

-14-

# PROOF OF SERVICE

Case Name: **United States of America v. Gilberto Cruz-Vasquez**
Case No.: **08cr2026-LAB**
Attorney: **Kenneth R. McMullan**

  I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 2442 Fourth Avenue, San Diego, CA 92101.

  On September 8, 2008, I served the within document(s) described as:

**NOTICE OF MOTION AND POINTS AND AUTHORITIES TO COMPEL DISCOVERY, FOR NOTICE OF INTENT TO USE EVIDENCE, AND FOR LEAVE TO FILE FURTHER MOTIONS**

on the interested parties in this action as stated below:.

  (BY ELECTRONIC CASE FILING) to:

  Karen P. Hewitt, United States Attorney
  Alessandra P. Serano, Assistant United States Attorney

A confirmed copy with these documents will be hand delivered to the Clerk's Office.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 8, 2008, at San Diego, California.

I declare under penalty of perjury that the foregoing is true and correct.

   MAUREEN DEVANEY
   (Type or print name)      (Signature)